UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORQUIDEA ROJAS MARTINEZ; RICARDO RUIZ,<br><br>                              Plaintiffs,<br><br>v.<br><br>CLAKE LLC; EDDI MATTI,<br><br>                             Defendants. | Case No.:  3:24-cv-00685-JAH-SBC<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFFS' MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) DISMISSING PLAINTIFFS' COMPLAINT;**<br><br>**(3) DENYING PLAINTIFFS' REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF Nos. 1, 2)** |

# INTRODUCTION

On April 16, 2024, Orquidea Rojas Martinez and Ricardo Ruiz ("Plaintiffs"), proceeding *pro se*, filed a complaint seeking relief against Clake LLC and Eddi Matti ("Defendants"). ECF No. 1 ("Compl."). Plaintiffs also filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), (ECF No. 2), and an affidavit in support of a request for appointment of counsel, (ECF No. 1). After a review of the pleadings and

for the reasons set forth below, the Court (1) **GRANTS** Plaintiffs' motion to proceed IFP, (2) **DISMISSES** the Complaint without prejudice, and (3) **DENIES** Plaintiffs' request for appointment of counsel.

## DISCUSSION

### I. Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a United States district court, except an application for writ of *habeas corpus*, must pay filing fees totaling $350.[1] *See* 28 U.S.C. § 1914(a).  Pursuant to 28 U.S.C. § 1915(a), an action may proceed despite a plaintiff's failure to pay filing fees, but only if the district court grants the plaintiff IFP status.  *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Courts may grant IFP status if a plaintiff submits an affidavit, including a statement of all their assets, showing the inability to pay the statutory filing fee.  *See* 28 U.S.C. § 1915(a).

In their application, Plaintiffs assert their sole income source is social security disability payments in the amount of $600, and $951 in monthly expenses for food, clothing, laundry, transportation, and insurance costs, exceeding their $600 average monthly income.  ECF No. 2 at 2-4.  Additionally, Plaintiffs list their 1997 Chevy sedan, valued at $2,000, as their sole asset.  *Id.* at 3.  The information provided in the affidavit is sufficient to establish Plaintiffs' inability to pay the one-time fee to commence this suit. Therefore, the Court **GRANTS** the Plaintiffs' Motion to Proceed IFP.

### II. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)

#### A. Standard of Review

Pursuant to 28 U.S.C. § 1915(a), a plaintiff seeking leave to proceed IFP, is subject to *sua sponte* review and mandatory dismissal if the action "is frivolous, malicious, fail[s]

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $55.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)).

1  to state a claim upon which relief may be granted, or seek[s] monetary relief from a
2  defendant immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *Coleman v.*
3  *Tollefson*, 575 U.S. 532, 537-38 (2015) (pursuant to 28 U.S.C. § 1915(e)(2) "the court shall
4  dismiss the case at any time if the court determines that . . . (B) the action or appeal . . . (ii)
5  fails to state a claim on which relief may be granted.").

6        Federal Rule of Civil Procedure 8 requires only a "short and plain statement of the
7  claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal of
8  the complaint is warranted if the plaintiff's complaint fails to present a cognizable legal
9  theory that shows the plaintiff may be entitled to the relief sought by the complaint, or
10 alternatively presents a legal theory, but fails to plead essential facts under that theory.
11 *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). "[A]
12 complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief
13 that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting
14 *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations
15 permit "the court to draw the reasonable inference that the defendant is liable for the
16 misconduct alleged." *Id.*

17       **B. Insufficiency of Plaintiffs' Complaint**

18       The Complaint is captioned as "Complaint for Fraud, Perjury and violation of
19 Constitutional Rights in Trial Court." Compl. at 1 (capitalization normalized). The
20 Complaint requests "the court of appeals. [sic] To dismiss or annul the decision of the
21 eviction Judge" based on a series of alleged misconduct on the part of Defendants and the
22 trial judge concerning an unlawful detainer action. *Id.* at 2. The Complaint alleges that
23 the trial judge was prejudiced and violated a number of judicial canons related to integrity,
24 impartiality, outside influence, and the appearance of bias. *Id.* at 2-3. Plaintiffs further
25 assert witnesses at trial committed perjury for economic benefit, and "the two lawyers of
26 both parties agreed against our will and they hid from the judge important information
27 about criminal attacks that occurred in the traila [sic] or RV Parking lot against us[.]" *Id.*
28 at 3. The Complaint contains allegations of a defect in the service of documents, where

1  "the documents and exvites [sic] [were provided] 5 minutes before the hearing began" and
2  the "[t]he Judge . . . did not allow my wife to defend herself[.]"  Compl. at 3-5.  Even with
3  the benefit of liberal construction as Plaintiffs are afforded, *Hebbe v. Pliler*, 627 F.3d 338,
4  342 (9th Cir. 2010), it is unclear how these factual contentions support a claim or provide
5  a basis for relief based on the allegations.  *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969
6  (9th Cir. 2009) (the Complaint lacks sufficient facts for the "court to draw a reasonable
7  inference that defendant[s] are liable for the conduct alleged.").  The Complaint is generally
8  replete with vague, conclusory allegations of wrongdoing, and legal conclusions with little
9  to no context as to how the allegedly infringing acts constitute a violation of the law.
10 Plaintiffs fail to provide short and plain statements demonstrating they are entitled to relief.
11 Fed. R. Civ. P. 8(a)(2).  Furthermore, to the extent Plaintiffs assert claims for perjury or
12 alleged violations of judicial canons, these are not actionable.  *See Meier v. Shinseki*, 626
13 F. App'x 706, 708–09 (9th Cir. 2015) ("[T]here is no civil cause of action for perjury under
14 California law."); Cal. Code Jud. Ethics, Preamble, p. 3:23-25 (noting the Code does not
15 provide a basis for civil liability).

16 More fatally, the Court lacks subject-matter jurisdiction over the Complaint.
17 The *Rooker-Feldman* doctrine bars federal jurisdiction over direct and de facto appeals
18 from state court judgments.  *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003) ("[A
19 complaint] is a forbidden de facto appeal . . . when the plaintiff in federal district court
20 complains of a legal wrong allegedly committed by the state court, and seeks relief from
21 the judgment of that court.").  Federal claims that are inextricably intertwined with the
22 relevant state court judgement are also barred.  *Fontana Empire Ctr., LLC v. Cty. of
23 Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) ("The doctrine also precludes a federal district
24 court from exercising jurisdiction over general constitutional challenges that are
25 'inextricably intertwined' with claims asserted in state court.") (citations omitted).  The
26 doctrine applies to "cases brought by state-court losers complaining of injuries caused by
27 state-court judgments rendered before the district court proceedings commenced and
28 inviting district court review and rejection of those judgments." *Exxon Mobil Corp v. Saudi*

*Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  To determine whether an action is barred under Rooker-Feldman, the Court "pay[s] close attention to the relief sought by the federal-court plaintiff."  *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 (9th Cir. 2003) (quotation marks and citation omitted).

      Plaintiffs' Complaint is precisely the type of collateral attack against a state court judgment barred by the *Rooker-Feldman* doctrine.  *Benavidez v. Cty. of San Diego*, 993 F.3d 1134, 1143 (9th Cir. 2021).  Plaintiffs address this Court as the "court of appeals[,]" Compl. at 2, and seek dismissal of the prior state court judgment as relief.  As the basis for relief, Plaintiffs assert, "federal law does not allow a debt to be collected based on deception and fraud, nor does federal law allow a judge to make a decision that violates the constitutional rights of a person[.]"  Compl. at 3.  Although the Complaint is unclear, Plaintiffs' seem to assert that perjury, fraud, and violations of various judicial canons in the unlawful detainer action amount to due process violations.  However, the claims are inextricably intertwined with the state court judgment because for these claims to succeed, this Court must find that the state court improperly relied on evidence procured by perjury and fraud in violation of Plaintiffs' due process rights.  *Fontana Empire Ctr., LLC*, 307 F.3d at 992 ("A claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it, or if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." (quotation marks and citations omitted)).[2]  Based on the

---

[2]    The extrinsic fraud exception to the Rooker-Feldman doctrine does not save Plaintiffs' Complaint.  Extrinsic fraud is not legal error by the court but conduct by an adverse party that "prevents a party from presenting his claim in court."  *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (quotation marks and citations omitted).  Examples of extrinsic fraud include deliberately serving process at the wrong address and deliberately giving the defendant incorrect time and place of a hearing.  *De Fontbrune v. Wofsy*, 39 F.4th 1214, 1234-5 (9th Cir. 2022).  Although the Complaint asserts that the state court judgment was obtained through fraud, Plaintiffs fail to allege an adverse party committed "an allegedly illegal act or omission" that prevented them from presenting their

deficiencies noted above, the Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(a).

### III. Affidavit in Support of Request for Counsel

Plaintiffs submit an affidavit in support of a request for appointment counsel in lieu of a properly supported motion for appointment of counsel. Compl. at 10. As such, Plaintiffs' request is **DENIED** without prejudice.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

2. The Complaint is **DISMISSED without prejudice and without leave to amend**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) ("Dismissals for lack of jurisdiction 'should be . . . without prejudice so that a plaintiff may reassert his claims in a competent court.' " (citation omitted)); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008) ("Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment."), and;

3. Plaintiffs' request for appointment of counsel **DENIED**.

**IT IS SO ORDERED.**

DATED: July 2, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

---

claims in the unlawful detainer action. At most, Plaintiffs allege intrinsic fraud because the allegations go to the "merits of the prior proceeding which the . . . party should have guarded against at the time." *Bailey v. IRS*, 188 F.R.D. 346 (D. Ariz. 1998) (quotation marks and citations omitted); *see also De Fontbrune*, 39 F. 4th at 1235 (noting that false testimony of a witness or admission of a forged document into evidence are intrinsic fraud, distinct from extrinsic fraud).